IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RUBEN VELEZ SEPULVEDA**<br><br>Plaintiff,<br><br>V.<br><br>**GLAXOSMITHKLINE PUERTO RICO, INC. JOHN DOE, JANE DOE, INSURANCECOMPANY A, INSURANCE COMPANY B; INSURANCE COMPANY C;**<br><br>Defendants, | CIVIL NO.<br><br>CIVIL ACTION FOR VIOLATION OF CIVIL RIGHTS UNDER 42 USC SECS. 2000-E AND THE LAWS AND CONSTITUTION OF THE UNITED STATES AND THE LAWS AND CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO<br><br>PLAINTIFF DEMANDS A JURY TRIAL |

**COMPLAINT**

TO THE HONORABLE COURT:

Now comes the plaintiff, through his undersigned attorney, and respectfully submits this complaint, alleging and praying as follows:

**INTRODUCTION**

1. This is an action for money damages for violation of the constitutional rights of plaintiff Ruben Velez Sepulveda. For more than twenty (20) years, Mr. Velez Sepulveda worked for GlaxoSmithKline Puerto Rico, Inc. as a Sales Representative, District Sales

Manager and Senior Executive Pharmaceutical Sales Representative at different Divisions' in the company. GlaxoSmithKline Puerto Rico, Inc. is a Pharmaceutical Industry with its principal place of operations in Puerto Rico. Plaintiff has been the victim of discriminatory, direct, and offensive conduct constituting handicap discrimination and age discrimination. For now on GlaxoSmithKline, Puerto Rico Inc will be referred to as "Glaxo".

Plaintiff Ruben Velez Sepulveda affirms that defendants, among other things, violated his rights to equal protection, and to be free from handicap discrimination and age discrimination under both federal law and the laws of the Commonwealth of Puerto Rico.

**JURISDICTION**

2. Plaintiff initially went with his claim to the Equal Employment Opportunity Commission (EEOC) and was allowed to file this suit as per the Notice of Right to Sue issued on September 18, 2013, a copy of which is annexed hereto as **Exhibit 1** to this Complaint. This action is brought pursuant to 29 U.S.C., Sec. 2611 et seq., 42 U.S.C., §12101 et seq. and the Fifth, Ninth and Fourteenth Amendments to the United States Constitution. Venue is founded upon 28 U.S.C. § 1331, and 1367 and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes the supplemental jurisdiction of the Honorable Court under 28 U.S.C., Section 1367, to hear and decide claims arising under the laws of Puerto Rico, 1 L.P.R.A. § 501, et seq., and 31 LPRA, § 5141 & 5142, and 11 LPRA 201. The matter in controversy involves damages suffered by plaintiffs in amounts that exceed the sum

of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).  Plaintiff further involves the Court to exercise its pending jurisdiction under 28 U.S.C. 1367 and to hear Plaintiff's state law claims arising out of the Defendants violations of the Labor Provisions and Workmen's Compensation of the laws of the Commonwealth of Puerto Rico.

### PARTIES

4. Plaintiff, Rubén Velez Sepulveda, is of legal age, married with two children and resident of Lake County in the State of Florida, United States of America, and with a postal address of P.O. Box 490154, Leesburg, Fl 34749.

5. Defendant, Glaxo is a corporate entity organized under the Laws of the Commonwealth of Puerto Rico with principal offices located at Centro Internacional de Mercadeo, Carr 165 Suite 800, Guaynabo, Puerto Rico 00698.

6. Ms. Damaris Sanchez, at all times pertinent hereto was the Director of the Human Resources Department, and an employee of Glaxo. Upon information and belief she is of legal age, and a resident of Puerto Rico.

7. Mr. Orlando Anglero, at all times pertinent hereto, was Human Resources Manager and employee of Glaxo.  Upon information and belief he is of legal age and a resident of Puerto Rico.

8. Mr. J. C. May, at all times pertinent hereto was General Manager in Puerto Rico of Glaxo.  Upon information and belief he is of legal age and a resident of the Continental United States.

9. Mr. Mark Janusz and Ms. Claire Thomas, at all times pertinent hereto work in the Human Resources Department of Glaxo in United States of America and England. Upon information and belief they are of legal age and residents of Unites States of America and United Kingdom respectively.

10. Mr. Jorge Rodriguez, at all times pertinent hereto was the District Manager and employee of Glaxo. He was the direct supervisor of Plaintiff.

11. Mr. Manuel Quinones, at all times pertinent hereto was the Sales Department Director of Glaxo.

12. John Doe, Richard Doe and Jane Doe, whose names are unknown at this moment, at all times pertinent hereto were employees and/or supervisors working for Glaxo, during the pertinent period of time that knew or should have known of the discriminatory practices at Glaxo and did nothing to intervene and avoid such practices. Once their names are known they will be subsequently substituted.

13. Insurance Companies A, B and C at all times pertinent hereto, were and/or are insurance companies operating in Puerto Rico and/he United States and or England, with insurance coverage and policies on behalf of the named defendants.

**FACTUAL ALLEGATIONS**

14. **EMPLOYMENT HISTORY**: Plaintiff, **Rubén Velez Sepulveda**, is 49 years old and was hired by Glaxo in 1991 working as a Sales Pharmaceutical Representative. He

was promoted to Hospital Representative and then to the First Division of the Company to promote drugs for patients infected with the HIV Virus. As result of his hard work and expertise he was promoted to District Sales Manager. During his tenure at Glaxo he was recognized and received several awards for his achievements and outstanding work at the time of his termination he was Senior Executive Pharmaceutical Sales Representative.

15. **PLAINTIFF POSITIONS AND EVALUATIONS**: Plaintiff, Ruben Velez Sepulveda, was assigned by his Supervisor for the preparation of materials for more efficient work and motivational presentation for his co-workers in the Respiratory Division and the whole Company. This work was honored with a mention and a monetary price. He also received positive performance reviews, and obtains numerous sales awards, including the Silver Award which was given to him in two occasions being the latest in 2009.

16. **HEART ATTACT**: On **January 12, 2011** Plaintiff suffered, while on vacations, a heart attack that required to be hospitalized at the Buen Samaritano Hospital in Aguadilla, Puerto Rico. That same day Plaintiff was transferred to the Cardiovascular Unit in San Lucas Hospital in Ponce, Puerto Rico. He suffered Severe Diffuse Coronary Artery Decease, having four of the main arteries obstructed. On January 17, 2011 Plaintiff was subject to an open heart surgery, where the cardiovascular surgeon performed a bypass in four arteries to correct these obstructions. Plaintiff was discharged on January 27, 2011. After **90 days of recovery**, he was allowed to return to work by his doctor.

17. **RETURN TO WORK AFTER SURGERY**:   On or around the **12th day of April**, **2011** Plaintiff returned to work at Glaxo performing the full duties of his position. From

January to April, Plaintiff income came from SINOT and ASDO. From the April 12, 2011 forward, Plaintiff collected his regular salary. During said term of time Plaintiff complied with all the essential functions of his position and obtained satisfactory results pursuant to a Field Contact Report Evaluation.

18. **RELAPSE OF HEART CONDITION**: On **June 10, 2011** while performing a typical day of work, Plaintiff had a relapse of his heart condition and was subject to a new catheterization. Although, Plaintiff submitted the SINOT documentation by fax to Ms. Bonnie Branch in North Carolina, said documentation was not filed by the employer.

19. **RETURN TO WORK AFTER RELAPSE**: Plaintiff returned to work at Glaxo on **June 20, 2011**. At all times Plaintiff was eager to return to work and perform his job duties to the best of his abilities. After **9 days** of recovery he returned to work at Glaxo performing the full duties of his position. During this period Plaintiff started to experience dizziness and fatigue. His supervisor Mr. Jorge Rodriguez was informed of Plaintiff condition and Plaintiff requested a reasonable accommodation. Mr. Jorge Rodriguez, Plaintiff Supervisor informed Plaintiff that he was considering changing his job position to a less demanding position at the company as an accommodation for his condition.

20. **REQUEST OF REASONABLE ACCOMODATION**: On or around **August, 2011**, in a telephone conference with Mr. Jorge Rodriguez, he informed Plaintiff that he talked to the Sales Department Director, Mr. Manuel Quiñonez regarding a possible accommodation to a less demanding position in the sales department as Manager of the health reform accounts in charge of visits, this position is one of new creation. This position was a less demanding

position than the current one occupied by Plaintiff.

**21.   NEW MEDICAL CONDITION:**   On August 18, 2013. Upon a visit to Plaintiff's cardiologist, and increase in his medication was prescribed and he was referred to a psychiatrist for an apparent depression.  On August 18, 2011 Plaintiff began a legal absence recommended by this doctor.  On that date Plaintiff continues collecting temporary disability benefits from his Short Term Disability Insurance/STD as a result of his medical recommendations of a leave of absence. On October 31, 2011 the Psychiatrist determined that Plaintiff has developed a condition of Mayor Depression. The cardiologist medical certificate indicated that Plaintiff could perform the duties of his employment Half Day.  From August 19, 2011 Plaintiff income came from ASDO and not from SINOT because the documentation was not filed by the employer, although Plaintiff provided the documentation.

**22.   SECOND REQUEST FOR REASONABLE ACCOMODATION**: On August 24, 2011 he submitted his doctor's advice.  In that document his physician documented and recommended his reasonable accommodation and Plaintiff requested the reasonable accommodation suggested by his doctor, to return to work half time until February 06, 2012. Plaintiff requested the District Sales Manager, Mr. Jorge Rodriguez, to schedule a meeting with Damaris Sanchez, the Human Resources Director, to explore a reasonable accommodation and his return to work and any other options the Company was willing to make.  Mrs. Sanchez told him that she would be busy and referred him to Mr. Orlando Anglero, the Human Resources Manager.  Also, Plaintiff filed the Short Term Disability Documents (SINOT) on August 23, 2011, but the same was not filed by the employer to SINOT nor to the State Insurance Fund. The reasonable accommodation requested by Plaintiff was reasonable and did not constitute an

undue hardship for the employer.  The request was for a period from November 9, 2011 to February 6, 2012.  It is important to note that Plaintiff's employment was substituted by three (3) employees and his territory was divided accordingly.  Precisely, this shows that the employer did not accommodate the reasonable request from Plaintiff and further discriminated because of his disability and age.

23. **REASONABLE ACCOMODATTION RECOMMENDED BY HIS PHYSICIAN WAS IGNORED BY EMPLOYER:**  On September 30, 2011 a meeting was held at Glaxo's Central Office with Mr. Orlando Anglero (Human Resources Manager) and Mr. Jorge Rodriguez (District Sales Manager).  Plaintiff expressed that he, as recommended by his physician the willingness to return to work and requested possible alternatives for his future in the company.  Also, he requested what alternatives Glaxo was willing to make to accommodate Plaintiff.  Glaxo refused or ignored the recommendation by his physician to work out a reasonable accommodation for Plaintiff and to enter into an interactive process as requested by Plaintiff.  The alternatives discussed in the meeting by Glaxo were to retire, severance pay or an application for Long Term Disability.  Mr. Anglero recommended the later since, under that scenario, Plaintiff could retain his health plan and a 60% of his salary.  Glaxo refused to entertain Plaintiff request for a reasonable accommodation.  As to the reasonable accommodation, the response was that they have to consult with other Glaxo officials to reach a decision to allow him to return to work. At said meeting with Mr. Anglero made pejorative remarks that Plaintiff was old and that he should forget his old styles of medical Propaganda since they were old fashion and not the new styles from now on. The company had change to new styles after an adverse decision regarding fraud and misleading information on the sale of

(Avandia) a leading drug sold by defendant. Also Plaintiff requested the termination date of his employment reserve. The employer did not have the answers alleging that further consultation with other parties was necessary to answer.

24. **APPLICATION FOR LTD**: On October, 2011 Plaintiff, upon recommendations from Glaxo, applied for Long Term Disability.

25. **STD ENDED**: On November 9, 2011 Plaintiff's Short Term Disability ended. At that time, Dr. Bermudez authorized Plaintiff to return to work part time, since he could perform the duties of his position for half a day. Plaintiff advised Glaxo of said information and they refused to enter into an interactive reasonable accommodation process.

26. **COMMUNICATION JOB RESERVE**: On November 11, 2011, two days after the end of the Short Term Disability benefits, Plaintiff received a telephone call from Orlando Anglero, the Human Resources Manager, informing that since the Short Term Disability was over, Glaxo could not offer the severance payment that was informed in the meeting held on September 30, 2011.  Mr. Anglero represented that Plaintiff's job position will not be eliminated and that Plaintiff was safe in the job and there is no need to worry about the job position.

27. **JOB RESERVE TERMINATION DATE:**  On November 16, 2011 Mr. Orlando Anglero informed Plaintiff, by email, that the expiration date of the job reserve will expire on May 2012.

28. **LTD DENIED**: On January 4, 2012 Plaintiff Long Term Disability petition

was denied. The decision was that Plaintiff was not fully disabled at that time. Plaintiff was desperate about his job position and his future. He proceeded to try a contact District Manager, Jorge Rodriguez, but he would not return his calls. He tried to contact Mrs. Damaris Sánchez, Director of Human Resources, requesting an answer as to when his employment reserve based on SINOT (Short Term Disability) would end. Mrs. Sanchez refused to disclose until what date his work position would reserve will expire. Plaintiff requested repeatedly to Mrs. Sanchez for that date, since he was a parent with no income and needed to know the exact date for his return to work. Mrs. Sanchez refused to give him the specific information and referred him back to Mr. Orlando Anglero. Plaintiff's communication regarding this subject matter started in September, 2011 and lasted until January 13, 2012, to no avail.

29. **JOB RESERVE**: Plaintiff further communicated with Mr. Orlando Anglero, the Human Resources Manager, pursuing his return to work and to be informed of the exact date that his work reserve will expire. He communicated on the 16, 17, 19 and 20 of January, 2012. His answer was that he had to clarify the situation with Ms. Bonnie Branch, in Continental USA, Corvel and the Department of Labor state government agency. Mr. Anglero represented in his communications that there were various schools of thought on this matter (work reserve) and that his estimation was that the job reserve will last between April and May, 2012.

30. **COMMUNICATIONS WITH MAIN OFFICE – TERMINATION OF PLAINTIFF EMPLOYMENT**: Plaintiff was desperate, since Glaxo refused to disclose his work reserve termination date and to enter into a reasonable accommodation to allow Plaintiff

to return to work. After multiple calls, emails, text messages and voice messages, without a response from Human Resources on January 23, 2012, he decided to write to Mr. J.C. May GlaxoSmithKline General Manager in Puerto Rico and the Directors of Human Resources Departments in the United States, Mr. Mark Janusz and Mrs. Claire Thomas in England about the situation. Is then when Damaris Sanchez, Director of Human Resources of Puerto Rico calls Plaintiff's cell phone on February 1, 2012 to inform him that since he had written to Janusz, Thomas and May, now she had the courtesy to tell Plaintiff that the day before she had sent two letters by certified mail answering his questions the job reservation and the procedure of the Long Term Disability with Hartford. Plaintiff received the letters that she mentioned, and only one of those letters was certified. When Plaintiff finally read it, he realized that it was informing him that his job protection under the SINOT law had ended on January 31, 2012 and as a result, he was no longer a Glaxo employee. During the year 2011, Plaintiff kept his District Sales Manager at abreast of his health condition and also the handler of his case in GlaxoSmithKline at United States of America, Ms. Bonnie Branch RN GlaxoSmithKline and the CORVEL Company, which is entitled by Glaxo to manage the short term disability benefits in Puerto Rico. The person contacted at CORVEL was Mrs. Arlenee Cabrera RN.

31. **EMPLOYERS FAILURE TO ACCOMODATE**: Plaintiff, at all times, was eager to return to work and was able to comply with the responsibilities of his job position. All his efforts to obtain a reasonable accommodation were impaired by Glaxo's employees turning a blind eye on his request. At all times he was encouraged to seek Long Term Disability in violation of ERISA and the protection of his employment position under State Law.

**FIRST CAUSE OF ACTION**

32. The allegations contained in paragraphs 1-31 are re-alleged as if fully set forth herein.

33. This First Cause of Action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

34. On or about March 28, 2013, plaintiff filed a complaint of discriminatory practices and discrimination with the Anti-Discrimination Unit of the Puerto Rico Department of Labor with the Equal Employment Opportunity Commission. The EEOC issued a right to sue letter on behalf of the Plaintiff on September 18, 2013.

35. Plaintiff, Ruben Velez Sepulveda, is an "employee" as defined by 42 U.S.C. § 12111(4) and 29 U.S.C., Section 2611 (2)(A).

36. Glaxo are employers and/or "covered entities" as defined by 42 U.S.C. § 12111(2) and 42 U.S.C. § 121 12(b)(5).

37. At all times relevant hereto, Ruben Velez Sepulveda, was a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8). Plaintiff could perform the essential functions of the employment position and his request for reasonable accommodation was denied.

38. Glaxo at all times pertinent hereto, had a duty under 42 U.S.C. § 121 12(b)(5) to provide Ruben Velez Sepulveda, reasonable accommodation in his employment, and whose refusal to do so was and continues to be an act of discrimination against a qualified individual with a disability, pursuant to 42 U.S.C. § 12111(a) and (b), and 12112(a).

39. Accommodation to Mr. Velez was not an undue hardship, as defined by 42 U.S.C. § 12111(10). Glaxo also failed to provide Mr. Velez with adequate and proper notice of his rights

under the Family and Medical Leave Act (29 U.S.C., Secs. 2611 ET. Seq.), and failed to allow him to exercise said rights, which included a 12-week period of rest or leave to tend to his disease or a series of short and temporary leaves amounting to a total of 12 weeks without losing his employment.

40. Plaintiff was object of an adverse action by the failure of the employer to enter into an interactive process of reasonable accommodation. He was fired from his position by the only reason of his disability. Plaintiff was able to perform the duties of his employment and only requested a reasonable accommodation.

41. As a result of Glaxo's discriminatory acts and /o omissions, Ruben Velez Sepulveda is entitled to a trial by jury, back pay and related benefits and interests, thereon estimated in the amount of not less than ***FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)*** as compensatory damages, as well as punitive damages, and costs, interests and attorneys fees.

**SECOND CAUSE OF ACTION**

42. Paragraphs 1-41 are re-alleged as if fully set forth herein.

43. This second cause of action arises under Puerto Rico Law No. 44 of July 2, 1985, as amended, 1 LPRA. § 501, ET seq. At all relevant times Mr. Ruben Velez Sepulveda was an individual with a disability as defined by 1 LPRA, § 501(e) and at all relevant times, Glaxo were employers under 1 LPRA, § 501 (h).

44. Accommodations for Mr. Velez's physical disabilities were never provided by his employer(s) notwithstanding the many requests by him. Had they been provided, they would not have been an undue hardship to the employer(s) as defined by 1 LPRA, § 501(g). Glaxo's

refusals to provide said accommodation was a breach of their obligations under 1 LPRA, § 507(a). As a result, plaintiff, Ruben Velez Sepulveda is entitled to be rehired, back pay, front pay and compensatory damages, in an amount twice the amount of damages caused by the defendants (pursuant to 1 LPRA, § 511, incorporating 29 LPRA, §146 & 149), interest, attorney's fees and costs. Plaintiff estimates said damages with the statute mandated doubling, to be in an amount not less than ***FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).***

## THIRD CAUSE OF ACTION:

45. Paragraphs 1-44 are re-alleged as if fully set forth herein.

46. The Third Cause of Action arises under the Age Discrimination in Employment act (ADEA) 29 USC Sec. 621 – 634 (1988).

47. Plaintiff's employment was terminated for the only reason of his disability and age constituting a violation of ADA and ADEA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully. Prays that this Court:

1. Enter a declaratory judgment that the acts complained of herein are in violation of Plaintiff's constitutional right to be free from handicap discrimination, in violation of Title VII of Civil Rights Act, particularly the American with Disabilities Act, 42 USC and § 12101 et. seq., the Family and Medical Leave Act, 29 U.S.C., Sections 2611 et. seq. as well as the Constitution and Laws of the Commonwealth of Puerto Rico.

2.	Order plaintiff, Ruben Velez Sepulveda's reinstatement to his position of employment or one equivalent in functions, seniority and pay, as if he had not been wrongfully discharged. In the alternative, grant Plaintiff, Ruben Velez Sepulveda, an amount equal to the projected loss of income in the amount of ***TWO MILLION DOLLARS ($2,000,000.00.)***

3.	Issue a preliminary and permanent INJUNCTION:

   a.	Enjoining the defendants and their successors, employees, attorneys and those acting in concert with them from engaging in practices of handicap discrimination, or violation of the privacy rights of the plaintiff; and,

   b.	Enjoining the defendants and their successors, employees, attorneys and those acting in concert with them from taking any retaliatory measures against Plaintiff, Ruben Velez Sepulveda, for his complaints of discrimination and violations of his rights to privacy.

   c.	Award Plaintiff, Ruben Velez Sepulveda, actual compensatory damages caused as a result of the illegal acts in an amount not less than ***FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).***

   d.	Award Plaintiff, Ruben Velez Sepulveda, punitive damages in excess of ***FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).***

   e.	Award Plaintiff, Ruben Velez Sepulveda, back pay in relation to his full time position with Glaxo ever since January, 2012, and related benefits (vacation pay and sick leave, pension benefits as well as profit sharing, if any) and interest thereon in an amount not less than ***ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00).***

  f.  Order Defendant, Glaxo, to reinstate Plaintiff to his work position of employment or one equivalent in functions, seniority and pay as if he has not been wrongfully discharged. In the alternative grant Plaintiff damages for the loss of his future income in the amount of to **TWO MILLION DOLLARS ($2,000,000.00).**

  g.  Award Plaintiff the costs of this action, together with reasonable attorney's fees.

  h.  Award Plaintiff pre-judgment interest.

  i.  Retain jurisdiction over this action in order to assure full compliance with the decree in the event that the court finds that the acts complained of herein were illegal and/or unconstitutional.

  j.  Grant Plaintiff such other and further relief, as the court may deem appropriate and proper.

**A jury trial is hereby requested.**

In San Juan, Puerto Rico, this 12TH day of December, 2013.

**S/ GINO NEGRETTI LAVERGNE**
GINO NEGRETTI LAVERGNE
USDC-PR NO. 127704
COND CARIBBEAN TOWERS
670 AVE. PONCE DE LEON, SUITE 17
SAN JUAN PR 00907-3207
TELEPHONE (787)725-5500
FAX: (787) 725-5503
E-MAIL: gnl@prtc.net
